F I L E D
Clerk
District Court
FEB 12 2015
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| WEILIAN LU, by and through her Personal Representative, XIAOJIE GE; Y. GE, by and through her Guardian Ad Litem, XIAOJIE GE; XIN HONG, an individual, MEILIN ZHOU, an individual, XIOAHUA ZHOU, an individual, XIUZHONG ZHU, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>STAR MARIANAS AIR, INC., a corporation, MARIANAS AIR TRAVEL, a company, TINIAN TRANSPORTATION MANAGEMENT SOLUTIONS, INC., a corporation, JAE CHOI, an individual, TIANING, a company, TOP DEVELOPMENT, INC., a corporation, DOES 1 through 100,<br><br>Defendants. | Case No. 1:14-cv-00023<br><br><br>**DECISION AND ORDER GRANTING DEFENDANT TOP DEVELOPMENT, INC.'s MOTION TO DISMISS** |

## I.   INTRODUCTION

This case asks the Court to define the duties that a travel agency owes to its customers. In particular, Defendant Top Development, Inc. ("TDI") asks the Court to dismiss the negligence claim filed against it because a travel agency owes no duty of care to a customer that it books on

1

an airline with regard to the airline's safety record or particular aircraft safety instructions. However, in the CNMI, the common law of negligence creates a duty to exercise reasonable care in all conduct, and the common law of agency creates a duty on the part of the principal to inform the agent of any facts pertinent to the relationship. The Court cannot address action or inaction under the guise of duty absent strong policy considerations, and therefore rejects TDI's argument. However, because Plaintiffs failed to adequately plead factual causation, the Court will grant TDI's motion to dismiss with leave to amend.

## II.     FACTS[1]

On November 19, 2012, an airplane departing from Saipan International Airport en route to Tinian crashed into trees just north of the Saipan runway after takeoff. (Compl. ¶¶ 18-21, ECF No. 1). Plaintiff Weilian Lu was killed in the crash, and Plaintiffs Xin Hong, Meilin Zhou, Xioahua Zhou, and Xiuzhong Zhu were injured. (*Id.* at ¶ 24).

The airline operating the flight, Star Marianas Air, Inc. ("SMA"), had a history of problems with its aircraft. (*Id.* at ¶ 25). In May 2012, another SMA plane crashed at the airport due to mechanical failure, injuring passengers. (*Id.*) In July 2012, an SMA plane had to make an emergency landing because the engine was "choking" in mid-air. (*Id.*) Finally, three days before the crash in this case, an SMA plane had a flat tire just before takeoff. (*Id.*)[2]

## III.    ARGUMENTS

In the fourth cause of action, Plaintiffs assert that the travel agencies that booked the flight, including TDI, were negligent for failing to "inspect SMA and its history involving plane crashes

---

[1] The Court treats factual allegations in the complaint as true for purposes of a motion to dismiss. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

[2] In its reply brief, TDI asserts that the incidents of SMA's problems were not known to TDI or reported in the local newspapers. (Reply 6 n. 1, ECF No. 32). These allegations were not included in the Plaintiffs' pleadings, and the Court declines to entertain them here. *See* Fed. R. Civ. P. 12(d) (stating that if matters outside the pleadings are not excluded by the court, the motion to dismiss must be converted to a motion for summary judgment).

and other incidents" and failing to "provide safety instructions in Chinese to a group of Chinese tourists." (*Id.* at 37).

In its motion to dismiss, TDI argues (1) that it had no duty to inspect SMA or to provide safety instruction in Chinese, and (2) that the complaint pleads insufficient facts to show that TDI's failure to inspect or provide Chinese instructions caused the plaintiffs any harm. (Mot. to Dismiss 5-8, ECF No. 14). In opposition to TDI's motion, the plaintiffs argue that TDI owed a duty based on (1) basic principles of negligence, because TDI's act in booking the flight created the risk of harm, and (2) CNMI agency law as construed by the Supreme Court in *Furuoka v. Dai-Ichi Hotel (Saipan), Inc.*, because travel agents owe their customers a duty to warn. (Opp'n 6-13, ECF No. 28). The plaintiffs essentially concede that they failed to plead causation, but seek leave to amend the complaint. (*Id.* at 13-15).

The Court will address the relevant duties first, then factual causation.

### IV. ANALYSIS

#### a. Standard

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Courts draw reasonable inferences in a plaintiff's favor, and a "well-pleaded complaint may proceed even if it appears that recovery is very remote and unlikely," but "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In diversity cases like this one, federal courts apply the law of the forum state or territory. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (stating that "the law to be applied in any case is

the law of the state"). Commonwealth negligence claims are governed by the restatements of the American Law Institute ("ALI") unless "written law or local customary law" provides a contrary rule. 7 CMC § 3401. Here, the Restatement (Third) of Torts: Liability for Physical and Emotional Harm, the Restatement (Third) of Agency,[3] and *Furuoka v. Dai-Ichi Hotel (Saipan) Inc.*, 6 N.M.I. 374 (2002) control.

### b. *Negligence: Duty to Exercise Reasonable Care*

The Restatements defines negligence as follows:

> A person acts negligently if the person does not exercise reasonable care under all the circumstances. Primary factors to consider in ascertaining whether the person's conduct lacks reasonable care are the foreseeable likelihood that the person's conduct will result in harm, the foreseeable severity of any harm that may ensure, and the burden of precautions to eliminate or reduce the risk of harm.

Restatement (Third) of Torts § 3.

"An actor whose negligence is a factual cause of physical harm is subject to liability for any such harm within the scope of liability, unless the court determines that the ordinary duty of reasonable care is inapplicable." *Id.* at § 6. Generally, an actor has a duty to exercise reasonable care when his conduct creates a risk of physical harm. *Id.* at § 7 & cmt. a ("In most cases, courts can rely directly on § 6 and need not refer to duty on a case-by-case basis."). Therefore, as an initial matter, the law presumes that TDI owed the plaintiffs a duty to exercise reasonable care when it sold them plane tickets. *Id.* at § 7 cmt. o ("An actor's conduct creates a risk when the actor's conduct or course of conduct results in greater risk to another than the other would have faced absent the conduct.").

TDI argues, however, that the Court should exempt it from the duty of reasonable care because inspecting the aircraft in question and providing safety instructions is properly the

---

[3] To the extent that the Restatement (Second) of Torts or the Restatement (Second) of Agency retain their vitality following ALI's approval of their more recent iterations, they apply to this case as well.

4

responsibility of SMA, as regulated by the Federal Aviation Administration ("FAA"), and not TDI, as a travel agency. (Mot. to Dismiss 5-6). The Court disagrees with TDI's framing of the issue. Although SMA certainly owed the Plaintiffs a duty to exercise reasonable care in operating its aircraft, that duty does not displace TDI's duty of reasonable care with respect to booking the flight with SMA.

Determining whether a duty exists is a question of law and policy for the court. *Furuoka*, 6 N.M.I. at 381 (citing *McCollum v. Friendly Hills Travel Ctr.*, 217 Cal. Rptr. 919, 922 (Cal. Ct. App. 1985); *see* Restatement (Third) of Torts § 7 cmt. a. ("[I]n some categories of cases, reasons of principle or policy dictate that liability should not be imposed."). For instance, some courts have determined that social hosts who serve alcohol to their guests do not owe a duty of reasonable care to persons injured by their guests' subsequent tortious conduct, because such liability could "impact on a substantial slice of social relations." *Id.* at § 7 cmt. a; *see*, *e.g.*, *Holliman v. United States*, 22 F. Supp. 2d 1111, 1113 (D. Ariz. 1998) ("Arizona law is clear that social hosts . . . do not have a duty to a third party injured by a guest to whom they served or furnished alcoholic beverages.").

As the Restatement explains, there are two means by which the law of negligence limits liability: no-duty rules and the scope-of-liability (formerly "proximate cause") element of a negligence claim. Restatement (Third) of Torts § 7 cmt. a. As the example of social host liability illustrates, no-duty rules are categorical in nature. *Id.* ("No-duty rules are appropriate only when a court can promulgate relatively clear, categorical, bright-line rules of law applicable to a general class of cases."). The scope of liability, on the other hand, "depends on factors specific to an individual case," as is therefore a question for the fact-finder. *Id.*; *see* Restatement (Third) of Torts § 29 ("An actor's liability is limited to those harms that result from the risks that made the actor's

conduct tortious."). An argument based on the scope of liability asks the jury whether "the harms risked by [the defendant's] tortious conduct include the general sort of harm suffered by the plaintiff." *Id.* at § 29 cmt. d. If not, then the harm is outside the scope of liability, and the jury should find the defendant not liable. *Id.*

TDI's argument that travel agents should not owe a duty of care to their customers based on airline negligence calls for a scope of liability determination, rather than a no-duty rule. Unlike the categorical social host no-duty rule, which eliminates any duty based on the social hosts' conduct of serving alcohol, TDI would limit the no-duty rule to a particular type of accident—a plane crash. It would not, therefore, be a no-duty rule, because a travel agent would still owe a duty of reasonable care based on the services provided for every *other* sort of risk it created. Such a rule would not accord with the Restatement or Commonwealth precedent. *See Furuoka*, 6 N.M.I. at 381 (agreeing with the lower court that the tour agent "owed [its customer] a duty to render its services . . . with reasonable care").

To be clear, even if TDI is correct that it should not be held liable for failing to inspect SMA aircraft or provide foreign-language safety instructions, the appropriate question is not whether TDI had a *duty* to take those actions, but whether it breached the duty of reasonable care by not performing them. Put differently, there is no common law negligence "duty" to take any particular action such as inspecting an aircraft; there is only the duty to exercise reasonable care, and the jury question of whether performing that action in a certain way breached the duty. *See* Restatement (Third) of Torts § 7.

Of course, nothing here prevents TDI from arguing that it did not breach its duty of reasonable care or that the plane crash fell outside the scope of liability based on SMA's negligence or the general responsibility of SMA to comply with FAA regulations. *See* Restatement (Third) of

Torts §§ 3 (reasonable care), 29 (scope of liability). But those arguments cannot relieve TDI of its duty to exercise reasonable care and are not raised in TDI's motion to dismiss.

*c. Agency: Duty to Inform*

Plaintiffs also argue that TDI owed duties based on agency law as provided in *Furuoka*. (Opp'n 7, ECF No. 28). The Court agrees that the common law of agency imposes duties on an agent to provide its principal with relevant information, but here, the pleadings fail to show that such a relationship existed between TDI and Plaintiffs. The Court will grant leave for Plaintiffs to amend the Complaint to plead an agency relationship existed.

The duties owed by a travel agency to its customer is governed in the Commonwealth by the Restatement (Third) of Agency and *Furuoka v. Dai-Ichi Hotel (Saipan), Inc.*, 6 N.M.I. 374 (2002). The Restatement defines agency as "the fiduciary relationship that arises when one person (a "principal") manifests assent to another person (an "agent") that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." Restatement (Third) of Agency § 1.01 & cmt. c. ("A relationship is not one of agency within the common-law definition unless the agent consents to act on behalf of the principal, and the principal has the right throughout the duration of the relationship to control the agent's acts.").

"An agent has a fiduciary duty to act loyally for the principal's benefit in all matters connected with the agency relationship." *Id.* at § 8.01 & cmt. c (stating that "an agent's fiduciary duties to the principal vary depending on the parties' agreement and the scope of the parties' relationship," which "can be analyzed by identifying the parties to the relationship, examining whether particular interactions are as principal and agent, and specifying the duration of the relationship"). In particular, an agent has a duty to "use reasonable effort to provide the principal

with facts the agent knows" or should know when the agent is on notice that "the principal would wish to have the facts or the facts are material to the agent's duties to the principal." *Id.* at § 8.11.

In *Furuoka*, a group of businessmen visited a Saipan hotel for a company trip. 6 N.M.I. at 376. During a dinner party near one of the hotel's pools, plaintiff Furuoka dove into the pool, hit his head on the bottom, and suffered a spinal injury. *Id.* at 377. In violation of Commonwealth law, there was no lifeguard present at the time. *Id.* Furuoka sued the tour agent that booked the trip, JTB, for breaching its alleged "duty to inform its customers of dangers the agent knows, or reasonably should know, the customers will encounter on a trip booked by the agent." *Id.* at 381. The trial court granted summary judgment in favor of JTB. *Id.* at 376.

Applying common law agency principles, the Supreme Court reversed. *Id.* at 382. It presumed that JTB was Furuoka's agent and held that JTB had the duty of an agent to "use reasonable efforts to inform the tour participant of information material to the agency which [it] had notice the traveler would desire." *Id.* at 381 (citing *McCollum*, 217 Cal. Rptr. at 923 ("[A] travel agent who arranges vacation plans and therefore acts as more than a mere 'ticket agent' is a special agent of the traveler for the purposes of that one transaction between the parties" (citations omitted)); *see* Restatement (Third) of Agency §§ 8.08 (agents duties of care, competence, and diligence to principal), 8.10 (agent's duty of good conduct), 8.11 (agent's duty to provide information). Furuoka stated a claim because he pleaded that JTB knew or should have known about the hotel's failure to maintain a lifeguard on premises, and that it breached its duty by failing to warn him of that danger. 6 N.M.I. at 382.

Here, both the Restatement (Third) of Agency and *Furuoka* suggest that TDI may have owed a duty to Plaintiffs to inform them of SMA's safety problems and provide Chinese-language safety instructions. That information may have been relevant to the scope of the agency

8

relationship and of some importance to Plaintiffs. *See* Restatement (Third) of Agency § 1.01; *Furuoka*, 6 N.M.I. at 381.

However, the scope of any agency relationship between TDI and the plaintiffs is not at all clear from the pleadings. The Complaint states that TDI is "liable under the doctrine of negligence in tort for the damages incurred as a result of the lack of due care that [it] displayed while booking Plaintiffs' flight with SMA and by providing no safety instructions in Chinese." (Compl. ¶ 36). However, nothing in the Complaint indicates that TDI assented to act on behalf of Plaintiffs or that Plaintiffs had power to control TDI's actions. *See* Restatement (Third) of Agency § 1.01. Without pleading those fundamental elements of an agency relationship, there can be no liability on that basis. *See McCollum*, 217 Cal. Rptr. at 923; *see Furuoka*, 6 N.M.I. at 382 ("[A] tour operator is not an insurer, nor can he be reasonably expected to predict and forewarn of the endless list of dangers inherent in foreign travel"). However, the Court will grant Plaintiffs leave to amend to satisfy the pleading requirements.

### d. Causation

Finally, TDI argues that Plaintiffs failed to plead causation between the allegedly negligent conduct—failure to inspect SMA and warn of crashes and failure to provide Chinese safety instructions—and the harm suffered in the plane crash. (Mot. to Dismiss 6-7). The Court agrees.

Factual cause is an element of a negligence claim; if "the harm would not have occurred absent the conduct" in question, then the defendant cannot be held liable. Restatement (Third) of Torts § 26 (factual cause); *see id.* at § 6 (elements of a prima facie case of negligence include factual cause). Here, the plaintiffs allege that TDI failed to "inspect SMA and its history involving plane crashes and other incidents" and failed to "provide safety instructions in Chinese to a group of Chinese tourists." (Compl. ¶ 27). However, the complaint never ties those alleged acts to the

actual plane crash. For instance, TDI's failure to warn the plaintiffs of SMA's troubled history is only a factual cause of harm if Plaintiffs would have refused to fly SMA in the face of the warnings. But Plaintiffs do not allege that fact. Likewise, they do not allege how their injuries were caused by TDI's failure to provide them safety instructions in Chinese: were they trapped in the burning plane longer than they otherwise would have been? Plaintiffs do not explain.

Because the fourth cause of action against TDI fails to satisfactorily plead an essential element of negligence, it should be dismissed. *See* Fed. R. Civ. P. 12(b)(6). However, Plaintiffs could likely remedy the deficiency by amending the cause of action to show "but-for" causation. *See* Restatement (Third) of Torts § 26 cmt. b. Accordingly, the fourth cause of action will be dismissed without prejudice and with leave to amend. *See United States ex rel. Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("Normally, when a viable case may be pled, a district court should freely grant leave to amend.") (citations omitted).

## V. CONCLUSION

Because the Complaint fails to state a claim for negligence against TDI with respect to the factual causation element, the Court will grant TDI's motion to dismiss (ECF No. 13). The negligence claim against TDI is dismissed without prejudice. Any amended complaint shall be filed no later than March 13, 2015.

SO ORDERED this 12th day of February, 2015.

/s/ *signature*

RAMONA V. MANGLONA
Chief Judge