FILED
Clerk
District Court

MAY 1 2 2015

for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

WEILIAN LU, by and through her Personal Representative, XIAOJIE GE; Y. GE, by and through her Guardian Ad Litem, XIAOJIE GE; XIN HONG, an individual, MEILIN ZHOU, an individual, XIOAHUA ZHOU, an individual, XIUZHONG ZHU, an individual,

Plaintiffs,

v.

STAR MARIANAS AIR, INC., a corporation, MARIANAS AIR TRAVEL, a company, TINIAN TRANSPORTATION MANAGEMENT SOLUTIONS, INC., a corporation, JAE CHOI, an individual, TIANING, a company, TOP DEVELOPMENT, INC., a corporation, DOES 1 through 100,

Defendants.

Case No. 1:14-cv-00023

**DECISION AND ORDER GRANTING MOTION TO DISMISS AND MOTION TO STRIKE**

## I. INTRODUCTION

In November 2012, a small plane carrying tourists from Saipan to Tinian crashed shortly after takeoff. The victims sued the airline and related companies for negligence and fraud. In the motion currently before the Court, the airline seeks to dismiss the fraud claim in its entirety, its

1

related companies from the negligence claims, and asks the Court to strike an allegedly prejudicial paragraph from the pleadings. The Court will grant the motions, but will allow the victims to amend.

## II. COMPLAINT [1]

On November 19, 2012, Plaintiffs Weilian Lu, Xin Hong, Meilin Zhou, Xiaohua Zhou, and Xiuzhong Zhu, boarded a flight operated by Defendant Star Marianas Air, Inc. ("SMA"), charted by Defendant Marianas Air Transfer, Inc. ("MAT"), and maintained by Defendant Tinian Transportation Management Solutions, Inc. ("TTMS") that was to take them from Saipan to Tinian.[2] (Compl. ¶¶ 18-19, ECF No. 44.) After takeoff, the pilot heard loud sounds coming from the engine and landed the aircraft safely back on Saipan. (Compl. ¶ 20.) Heedless of Plaintiffs' requests to get off the plane, the pilot "did a quick engine run-up" and took off again. (*Id.*) This time, the plane lost power in midair and crashed into trees north of the runway, where it burst into flames. (Compl. ¶ 21.) Lu died, and the others suffered injuries. (Compl. ¶¶ 21, 24.)

The crash was neither SMA's first nor last. (Compl. ¶ 25.) In May 2012, another plane "under Defendants' control" crashed at the Saipan airport from mechanical or engine failure. (*Id.*) In July 2012, another plane "operated by Defendants" made an emergency landing when its engine was "choking" in midair because of an "engine mixture of gas and water." (*Id.*) In October 2013, SMA had three incidents in as many days, with a plane landing on Broadway Avenue in Tinian on the first day, another plane falling into a ditch at the Tinian airport on the second, and another deadly crash on the third day. (*Id.*)

---

[1] The Court treats factual allegations in the complaint as true for purposes of a motion to dismiss. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court will not address the factual disputes raised in the SMA Defendants' briefs.
[2] In keeping with the language of the complaint, the Court will refer to SMA, MAT, and TTMS collectively as the "SMA Defendants" where appropriate.

2

Plaintiffs allege that the SMA Defendants are liable in negligence, wrongful death, and negligent infliction of emotional distress (the "negligence claims") because they: (1) failed to weigh baggage and ensure the aircraft was properly loaded before takeoff; (2) failed to inspect the aircraft after the aborted first takeoff; (3) failed to let Plaintiffs off the plane after the first takeoff; (4) "opened the cabin door at an inappropriate time"; (5) failed to provide Chinese-language instructions to Chinese tourists; (6) operated a plane for "commercial purposes that was over forty-years old and that had been through 6,805 hours of service"; (7) failed to use "sump receptacles to check for water in the fuel tank"; and (8) failed to make Plaintiffs aware of SMA's "history involving plane crashes and other incidents." (Compl. ¶ 30.)

Plaintiffs also allege that the SMA Defendants are liable for fraud because they "negligently and intentionally misrepresented important facts, including but not limited to the safety of Defendants' air operations." (Compl. ¶ 53.) The SMA Defendants "advertised themselves as a legitimate commercial carrier while having full knowledge of at least three other incidents of wrongful conduct in the previous seven months" and "willfully misled the Plaintiffs into believing that the airline was a safer transportation choice than it was by not disclosing Defendants' history involving unsafe aircraft operations." (Compl. ¶ 54.)

### III. MOTION TO DISMISS

The SMA Defendants seek (1) to dismiss the fraud count, (2) to dismiss MAT and TTMS from the negligence counts, and (3) to strike paragraph 25, which references the other SMA plane accidents. They first argue that the fraud claim should be dismissed because the pleadings fail to allege fraud with specificity. (Mot. 3-7, ECF No. 46.) They next content that that the negligence claims against MAT and TTMS should be dismissed because the complaint fails to allege that either company acted negligently. (Mot. 7-8.) Rather, the alleged acts and omissions are wrongly

attributed to the SMA Defendants collectively, when they should be directed at SMA itself. (*Id.*) Additionally, the SMA Defendants argue that MAT should be dismissed from the lawsuit because the complaint alleges that MAT is the aircraft's lessor, and federal law preempts state law negligence claims against an aircraft's "lessor, owner, or secured party" if that party does not have "actual possession or control" of the aircraft at the time of the accident. (Mot. 8-9.) Finally, the SMA Defendants contend that paragraph 25—which details the other alleged SMA accidents—serves only prejudicial purposes, and should be stricken. (Mot. 9-11.) The Court will address the arguments below.

## IV. DISCUSSION [3]

A motion to dismiss for failure to state a claim—the modern demurrer—asks the court to determine whether the allegations in the complaint, if true, form a legal basis for plaintiff's recovery. *See* Fed. R. Civ. P. 12(b)(6); 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1355 (3d ed. 2004) ("The party who demurred admitted all the well pleaded facts in his opponent's pleading and challenged the plaintiff's right to any recovery on the basis of those facts, thereby taking the position that even if all of the plaintiff's allegations were true, he still was not entitled to recover."). To survive a motion to dismiss for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Courts draw reasonable inferences in a plaintiff's favor, and a "well-pleaded complaint may proceed even if it appears that recovery is very remote and unlikely," but "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v.*

---

[3] This Court has jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

4

*Twombly*, 550 U.S. 544, 555–56 (2007) (internal quotation marks and citations omitted). The purpose of this standard is "to give fair notice and to enable the opposing party to defend itself effectively[,]" and to ensure "that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Bacca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

*Fraud*

The SMA Defendants argue that the complaint fails to state a claim of fraud because it does not identify any false representation. (Mot. 5.) The Court agrees.

Complaints of fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b). It is not enough to allege that fraudulent statements were made; the complaint must identify the statements, set forth what about them is false, and account for why they were false or misleading at the time they were made. *In re Rigel Pharm. Inc. Sec. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012) (citing *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-49 (9th Cir. 1994)). A complaint that does not identify the allegedly fraudulent statements fails to meet Rule 9(b)'s pleading requirements. *See GlenFed*, 42 F.3d at 1547-48.

Here, the fraud allegations fall well short of Rule 9(b)'s particularity standard. The complaint asserts that the SMA Defendants "misrepresented important facts" about the "safety of Defendants' air operations" by "advertis[ing] themselves as a legitimate commercial carrier while having full knowledge" of the accidents that occurred in 2012. (Compl. ¶¶ 25, 53-54.) However, Plaintiffs point to no specific false statement of any of the SMA Defendants—or even a statement made false by a material omission. Accordingly, the complaint fails to satisfy Rule 9(b)'s pleading standards and is dismissed without prejudice. *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1107 (9th Cir. 2003).

*The Negligence Claims*

The SMA Defendants also seek to dismiss MAT and TTMS from the negligence claims. (Mot. 7-9.) They argue that the complaint does not allege that either entity committed any negligent acts or omissions (Mot. 7-8), and further contend that MAT is immune from liability under federal law as a lessor of the aircraft (Mot. 8-9). The Court agrees.

The complaint fails to provide sufficient facts to plausibly support the negligence claims against MAT or TTMS. Plaintiffs allege that "MAT was in the business of leasing and chartering airplanes, including the aircraft in question," and that "TTMS was in the business of maintaining and marketing SMA flights." (Compl. ¶ 27.) The complaint also states that MAT chartered the fatal November 2012 flight for SMA, its child company, and that TTMS maintained the aircraft. (Compl. ¶¶ 13, 18.) Those are the only facts particular to MAT or TTMS. The specific acts and omissions complained of—*e.g.*, failing to weigh the passengers' baggage before takeoff, failing to inspect the plane after the first failed flight, failing to use sump receptacles to check for water in the fuel tank prior to takeoff, failing to let the Plaintiffs off the aircraft after the first flight attempt, and operating a forty-year old high-mileage aircraft for commercial purposes—can plausibly be attributed to SMA as the commercial airline, but not to MAT or TTMS. (Compl. ¶ 30.) Accordingly, because the complaint does not allege that any act or omission by MAT or TTMS created a risk of harm to the Plaintiffs, the negligence claims are dismissed without prejudice against those two parties. *See Iqbal*, 556 U.S. at 678; Restatement (Third) of Torts: Liab. for Physical and Emotional Harm § 7(a) (2010) ("An actor ordinarily has a duty to exercise reasonable care when the actor's conduct creates a risk of physical harm.").

In their opposition brief, Plaintiffs argue that the SMA "Defendants should not be permitted to use the differing names of entities who were all run by the same individuals in control of the

subject airplane on the day of its crash as a front to prevent discovery of these facts which would establish that the duty owed by MAT and TTMS mirrors that of SMA." (Opp'n 15, ECF No. 48.) There are a number of problems with this argument, not the least of which is Plaintiffs' failure to allege facts in the complaint to show that the SMA Defendants are sham corporations that should be subject to liability jointly. Moreover, corporations are treated as distinct legal entities, and, like individuals, are not generally liable for the torts of others. *See United Enters., Inc. v. King*, 4 N.M.I. 304, 307 (1995) (discussing corporate liability). If Plaintiffs can plead facts to show that all the SMA Defendants should be jointly liable for SMA's crash, then they may do so in an amended complaint, but the Court will not subject MAT and TTMS to the expense of discovery on nothing more than Plaintiffs' use of a collective noun. *See Starr,* 652 F.3d at 1216.

Additionally, to the extent that the complaint suggests that MAT leased the aircraft in this case to SMA, federal law preempts the negligence claims against MAT. 49 U.S.C. § 44112(b) (stating that a lessor is "liable for personal injury, death, or property loss or damage on land or water only when . . . [it] is in the actual possession or control of the lessor"). Here, the complaint asserts that MAT is the parent company of SMA and that it is "in the business of leasing and chartering airplanes, including the aircraft in question." (Compl. ¶¶ 13, 27.) Those statements suggest that MAT leased the aircraft to SMA, and is therefore protected from suit by section 44112(b). *See In re Lawrence W. Inlow Accident Litig.*, No. IP 99-0830-C H/G, 2001 WL 331625, at * 14 (S.D. Ind. Feb. 7, 2001) ("The plain language of § 44112 establishes that it preempts state common law claims against covered lessors."). However, Plaintiffs claim that the language of the complaint suggests that MAT was the lessee of the aircraft, not the lessor, and that therefore section 44112(b) does not apply. (Opp'n 16-17.) That is an unlikely reading, but Plaintiffs will have their opportunity to amend.

*Motion to Strike*

Finally, the SMA Defendants move to strike paragraph 25, which details other alleged SMA aircraft accidents. (Mot. 9-11.) They argue that the allegations are irrelevant and prejudicial. The Court finds that paragraph 25 can serve only a prejudicial purpose, and will grant the motion to strike.

A court may strike "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Boeing Co. v. Leo A. Daly Co.*, Civ. No. 13-00027 JMS, 2014 WL 3489267, at *3 (D.N. Mar. I. July 11, 2014) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)). When pleadings merely supply "background or historical material" that help to "give a full[er] understanding" of the complaint, a court will not strike them unless they are "unduly prejudicial to [the] defendant." *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).

Here, the Court finds that paragraph 25 is unduly prejudicial to the SMA Defendants. It alleges that other SMA aircraft, on occasions before and after the events of this case, have crashed or made emergency landings. (Compl. ¶ 25.) However, Plaintiffs are not suing the SMA Defendants for injuries resulting from anything but the November 2012 crash. The planes involved in the other incidents were not the same as the plane in this case. The causes of those crashes are not alleged to be the same or related to this case. The only unifying factor, it seems, is SMA. The allegations in paragraph 25 have some relevance to the underlying claims, but only as character evidence to show that SMA is an unsafe carrier, and that it operated unsafely on November 19, 2012. *See* Fed. R. Evid. 404(b); (Mot. 10). Because such an inference unduly prejudices the SMA Defendants, the Court grants the motion to strike paragraph 25.

## V. CONCLUSION

Consistent with this opinion, it is hereby ORDERED that:

1. The SMA Defendants' motion to dismiss is granted;

2. The cause of action for fraud is dismissed without prejudice;

3. Defendants MAT and TTMS are dismissed from the causes of action for negligence, wrongful death, and negligent infliction of emotional distress without prejudice;

4. The SMA Defendants' motion to strike is granted, and paragraph 25 is stricken;

5. Plaintiffs have leave to file an amended complaint no later than May 27, 2015

SO ORDERED this 12th day of May, 2015.

*/s/ Alex R. Munson*
ALEX R. MUNSON
Senior Judge